James S. RAIDY, Libelant, Appellant,

v.

UNITED STATES of America, Respondent, Appellee.

UNITED STATES of America, Respondent, Appellant,

v.

BETHLEHEM STEEL COMPANY, Shipbuilding Division, Respondent-Impleaded, Appellee.

No. 7547.

United States Court of Appeals Fourth Circuit.

Argued Jan. 13, 1958.

Decided Feb. 11, 1958.

Bernard M. Goldstein, Baltimore, Md. (Marvin I. Singer, Baltimore, Md., on the brief), for James S. Raidy.

Carl C. Davis, Atty., Dept. of Justice, Washington, D. C. (George Chocran Doub, Asst. Atty. Gen., Leon H. A. Pierson, U. S. Atty., Baltimore, Md., Leavenworth Colby and George Jaffin, Attys., Dept. of Justice, Washington, D. C., on the brief) for United States.

David R. Owen, Baltimore, Md. (Semmes, Bowen & Semmes, Baltimore, Md., on the brief), for Bethlehem Steel Co.

Before PARKER, Chief Judge, and SOPER and SOBELOFF, Circuit Judges.

## PER CURIAM.

This is an appeal in a suit in admiralty brought to recover damages sustained by a shipyard worker while working on a government vessel which had been turned over to the shipyard for major repairs and which was then in dry dock in the course of being repaired. The worker was injured when he fell through a hole in a catwalk on the vessel which was caused by the removal of a plate in the course of the repairs being made by the shipyard. He complains of the hole in the catwalk and contends that the lighting was insufficient, although the lighting for the repair job was furnished by the shipyard and not by the vessel. The trial judge exonerated the United States, as owner of the vessel, from the charges of negligence and unseaworthiness, correctly stating as to the latter:

"In the instant case the libelant shipyard worker was performing duties not within the competence or the traditional or customary activities of the crew. His status therefore was very different from that of a seaman. The ship was in drydock for structural changes which could not have been performed by the crew. In fact the crew had been discharged long before the accident occurred. The ship at the time was not subjected to any perils of navigation. In fact it had necessarily been withdrawn from navigation for a long period. The owner maintained no control over the work by the independent contractor other than the right to inspect to determine whether the structural changes were being performed in accordance with the elaborate specifications. It seems to me a misnomer to speak of the removable and absent footplate as 'unseaworthiness of the ship'. The removal of the absent plate, for the substitution of others, was a part of the work required to be performed by the contract specifications."

We agree with the trial judge that there was no liability on the part of the United States as owner, for reasons adequately stated in the opinion below, which is adopted as the opinion of this court. See Raidy v. United States, 153 F.Supp. 777, 781. See also Berryhill v. Pacific Far East Line, 9 Cir., 238 F.2d 385, certiorari denied 354 U.S. 938, 74 S.Ct. 1400, 1 L.Ed.2d 1537.

Affirmed.