**William WARREN, Plaintiff,**

v.

**PACIFIC INLAND NAVIGATION COMPANY, Inc., Defendant.**

**Civ. No. 61–319.**

United States District Court
D. Oregon.

April 24, 1962.

Berkeley Lent, of Peterson, Lent & Paulson, Portland, Or., for plaintiff.

Kenneth Roberts, of Mautz, Souther, Spaulding, Kinsey & Williamson, Portland, Or., for defendant.

BEEKS, District Judge (sitting by designation).

In this diversity case plaintiff seeks damages from defendant predicated upon the alleged unseaworthiness of defendant's vessel, Barge 539, upon which he was working at the time of injury.

Barge No. 539, an unmanned steel barge, was on the drydock of the Port of Portland at Swan Island in Portland undergoing extensive repairs and structural changes. The work was being performed by Albina Engine & Machine Works, as an independent contractor, and the plaintiff was an employee of Albina.

About 4:30 p. m., January 4, 1961, plaintiff entered the barge through a hole previously cut in the side of the vessel by Albina by means of a ladder, owned by Albina, the bottom of which rested on the drydock, for the purpose of welding certain side shell longitudinals to the side shell in the port wing tanks. After welding for about three hours, plaintiff left the barge via the hole and ladder for the purpose of securing some welding rods and in the process of entering the hole upon his return to the barge, the ladder slipped resulting in the injuries of which plaintiff now complains.

Albina had a large number of employees working on the barge making repairs, such as ship fitters, burners, welders, electricians and carpenters, and the work being performed by Albina on the barge included certain structural changes to the vessel.

The defendant maintained no control over the work being performed by Albina other than the right to inspect and determine whether the repairs and structural changes were being performed in accordance with the specifications.

The barge had no crew and there is no evidence that any other person employed by defendant was on the barge after it was delivered to Albina for drydocking, although, presumably, one or more of defendant's employees did board the barge for the purpose of inspection.

The barge was not at the time of plaintiff's injury subject to any perils of navigation. It had no navigation equipment aboard and it had been withdrawn from navigation for the express purpose of making the aforesaid repairs and structural changes.

The work undertaken by Albina required the facilities of skilled personnel of a modern well-equipped shipyard, as was Albina.

Plaintiff contends he is entitled to the benefits of Seas Shipping Co. v. Sieracki, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099, and a host of following cases, holding that the warranty of seaworthiness applies to shore based workers while on board ship and performing work traditionally done by seamen, and that defendant has an absolute liability to indemnify him for the injuries and damages he has sustained. The Court disagrees. For the reasons stated in West v. United States of America, 361 U.S. 118, 80 S.Ct. 189, 4 L.Ed.2d 161; United New York & New Jersey, etc., Pilots Association v. Halecki, 358 U.S. 613, 79 S.Ct. 517, 3 L.Ed.2d 541; Lyon v. United States (2d Cir.), 265 F.2d 219; Union Carbide Corporation v. Goett, Adm'x (4th Cir.), 256 F.2d 449; Raidy v. United States (4th Cir.), 252 F.2d 117, and Berryhill v. Pacific Far East Line (9th Cir.), 238 F.2d 385, cert. den. 354 U.S. 938,

77 S.Ct. 1400, 1 L.Ed.2d 1537, warranty of seaworthiness does not exist in this case.

Accordingly, the action is dismissed with costs in favor of the defendant.